IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Antonio Germaine Miller, # 251655,<br><br>                               Plaintiff,<br><br>vs.<br><br>U-Save Car and Truck Rental;<br>Jeffrey Day; J. D. Sanders; INV Lagger;<br>INV Ghant; LT Fleury; INV Watts<br>Adams; INV Robert Anderson;<br>INV Bill Weeks of Aiken County<br>Sheriff's Department; Branham<br>Anthony; Agent R. Crane; T. Jordan;<br>Rocky Senn; Marcus Brown;<br>K-9 Handler Richburg; Cpl. Dauway;<br>Beth Ann Young, Solicitor;<br>Judge Duvet A. Early, III, The<br>Honorable; Assistant Solicitor Kevin<br>Molony; and Richland County<br>Sheriff's Department,<br><br>                              Defendants. | Civil Action No. 6:15-92-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In the above-captioned case, the plaintiff has brought suit against various persons, two sheriff's departments, and a private business with respect to his closed criminal case in the Court of General Sessions for Aiken County. The plaintiff was convicted of murder (No. 2010-GS-02-1576), first-degree burglary (No.

2010-GS-02-1527), kidnapping (No. 2010-GS-02-1578), and a firearms violation (No. 2010-GS-02-1529). A charge of armed robbery with a deadly weapon (No. 2010-GS-02-1528) was *nol prossed*. The plaintiff appealed his convictions to the South Carolina Court of Appeals.

The plaintiff was partially successful on direct appeal. Although his convictions were affirmed on direct appeal, the plaintiff's thirty-year sentence on the kidnapping conviction was vacated, *sua sponte*, pursuant to S.C. Code Ann. § 16-3-910 (Westlaw 2014), because he had been sentenced to life in prison on the murder charge. *See State v. Antonio Miller*, Appellate Case No. 2012-208640, Unpublished Opinion No. 2014-UP-409 (S.C.Ct. App. Nov. 19, 2014), a copy of which is appended to the complaint as an exhibit (doc. 1-1 at 2–4).

In the complaint, the plaintiff alleges that he was wrongfully convicted, kidnapped, and falsely imprisoned (doc. 1 at 2–3). The plaintiff states that the kidnapping sentence was vacated on appeal, and the armed robbery charge was dismissed at trial (*id*. at 3). He claims he has "done" six years for kidnapping (*id*.) and that all of the defendants took part in violating his rights (*id*.). Specifically, the plaintiff claims he was tortured in the SCDC and gassed and assaulted on November 29, 2014, by Sgt. Jeremy Hawkins and Officer Joshua Silva, neither of whom are named as defendants. The plaintiff alleges he has incurred pain and mental distress, and he seeks a million dollars from each defendant, a "supersedeas" bond, and liens upon all the properties of the defendants. He also wants a court order prohibiting the defendants from leaving the state (*id*.). In Part V of the complaint (the relief portion), the plaintiff seeks damages, liens, seizure of property and bank accounts, and separate liens upon bonds and insurance companies (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro*

*se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff, insofar as his convictions are concerned, did not receive a favorable termination as to his convictions, which were affirmed in *State v. Antonio Miller*, Appellate Case No. 2012-208640, Unpublished Opinion No. 2014-UP-409 (S.C.Ct. App. Nov. 19, 2014). Moreover, the plaintiff's conviction for kidnapping was also affirmed: "Therefore, we affirm Miller's convictions for kidnapping, but vacate his sentence for kidnapping." As a result, the above-captioned case is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The plaintiff has neither alleged nor demonstrated that his underlying convictions have been invalidated; thus, this action is barred by *Heck*. *See Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

In any event, South Carolina Circuit Judge Doyet[1] A. Early, III, who imposed the sentence on the kidnapping conviction, is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); and *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). Also, Solicitor Young and Assistant Solicitor Molony have prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000). The Aiken County Sheriff's Department and the Richland County Sheriff's Department are immune from suit under the Eleventh Amendment. *See Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

---

[1] The plaintiff misidentifies Judge Early's first name as "Duvet" in the caption of the complaint.

Furthermore, the named defendants are not responsible for any assault that the plaintiff allegedly sustained on November 29, 2014, while in the SCDC. *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007); and *Orr v. Gardner*, 261 F. Supp. 39, 41 n.1 (D.S.C. 1966) ("*Post hoc, ergo propter hoc* in logic is usually intended as 'the fallacy of arguing from mere temporal sequence to cause and effect relationship.'").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the district court deny the plaintiff's motion for summary judgment (doc. 4). The plaintiff's attention is directed to the Notice on the next page.

January 14, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).