UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Germaine Miller, # 251655,<br><br>Plaintiff,<br>vs.<br><br>U-Save Care and Truck Rental; Jeffrey Day; J.D. Sanders; INV Lagger; INV Ghant; LT Fleury; INV Watts Adams; INV Robert Anderson; INV Bill Weeks of Aiken County Sherriff's Department; Branham Anthony; Agent R. Crane; T. Jordan; Rocky Senn; Marcus Brown; K-9 Handler Richburg; Cpl. Dauway; Beth Ann Young, Solicitor; Judge Duvet A. Early, III, The Honorable; Assistant Solicitor Kevin Molony; and Richland County Sheriff's Department,<br><br>Defendants. | Civil Action No.: 6:15-92-BHH<br><br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 12), which recommends that this § 1983 action be dismissed *without prejudice* and without issuance and service of process. For the reasons set forth below, the Court agrees with the Report and dismisses the case *without prejudice*.

## BACKGROUND

The plaintiff, Antonio Germaine Miller, a state prisoner, who is proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 for claims arising out of his arrest and conviction for murder, first-degree burglary, kidnapping, and a firearms conviction. The plaintiff claims that he was wrongfully convicted, kidnapped, and falsely

imprisoned, that all of the defendants violated his rights, and that several SCDC officers who are not named as defendants tortured, gassed, and assaulted him.

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Kevin F. McDonald.  On January 14, 2015, the Magistrate Judge issued a Report recommending that the case be dismissed without prejudice and without issuance and service of process because (1) the plaintiff's challenge to his convictions is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), (2) Judge Early is immune from suit, (3) The Aiken and Richland County Sheriffs' Offices have Eleventh Amendment immunity, and (4) none of the named defendants are legally responsible for the specific assault that the plaintiff alleges he suffered in prison.  The plaintiff filed an objection to the Report (ECF No. 14) on January 30, 2015.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do

not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

As an initial matter, the plaintiff's objections are general and non-specific and do not direct the Court to any error in the Magistrate Judge's analysis. Nevertheless, out of an abundance of caution, the Court has conducted a de novo review of the

3

objections, the Report, and the record. Having done so, the Court finds that the plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The plaintiff's objections are, therefore, overruled, and the Court adopts the Report in its entirety.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds that the plaintiff's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the plaintiff's complaint be dismissed *without prejudice* and without issuance and service of process.[1]

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 27, 2015
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] As the Magistrate Judge noted, Judge Early's first name is misspelled in the case caption.